UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br>        Plaintiff,<br>  v.<br>DESHANNA PALMER et al.,<br>        Defendants. | CASE NO. C23-00162-KKE<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT AND OTHER PENDING MOTIONS |

This case concerns American General's claim for recission of a life insurance policy taken out by a Mr. Joshua Bova, of which Defendant Deshanna Palmer is the beneficiary. Dkt. No. 18-3 ¶¶ 13, 29. On November 30, 2023, Plaintiff American General filed a motion for summary judgment. Dkt. No. 18. The motion was noted for December 22, 2023. *Id.*

Defendant Palmer did not file an opposition to American General's motion for summary judgment, however, on December 22, 2023, she filed an untitled motion and letter with the Court. Dkt Nos. 21, 22. Palmer's motion generally asked the Court to deny American General's motion for summary judgment and to provide Palmer access to recordings of conversations between Mr. Bova and American General representatives that she alleges will undermine American General's claims in this case. American General filed a response, construing Palmer's motion as "requesting the Court to order American General to produce all recorded calls in American General's possession, custody and control related to Mr. Bova's insurance application." Dkt. No. 23 at 1.

ORDER ON MOTION FOR SUMMARY JUDGMENT AND OTHER PENDING MOTIONS - 1

Though noting that Palmer had never served discovery on American General, American General stated it nonetheless produced all such recordings on January 8, 2024. *Id.* at 2.

On May 13, 2024, American General filed a motion to extend the trial date and all pretrial deadlines in this matter by 30 days. Dkt. No. 24.

On May 15, 2024, Palmer filed an additional letter with the Court acknowledging she had received the recordings from American General, but also setting forth her belief that not all recordings had been provided. Dkt. No. 26. She also argued generally that unspecified conversations took place "behind the scenes" and "on private cell phones" that were not recorded but that would support her defense in this case. *Id.* at 3. Finally, she expressed her opposition to any continuance of the trial date. *Id.*

The Court construes Palmer's motion at Dkt. No. 21 as a motion to compel production of recordings from American General related to Mr. Bova's insurance application. As American General points out, the motion is procedurally improper because Palmer served no discovery requests upon American General. Dkt. No. 23 at 1-2. Notwithstanding Palmer's failure to serve discovery, American General represented that it provided all requested recordings to Palmer on January 8, 2024. *Id*. Though Palmer now generally contests that claim, the thrust of Palmer's objection is that additional conversations took place "off the record" that were not recorded, and that those conversations took place between American General representatives and herself. Palmer does not explain what these alleged other conversations would show if a record of them existed, or how they would support her defense in this case. It is clear from Palmer's letters that she believes she has been mistreated by American General in the claim and contestability review process, but she does not contest the main question in this case — whether Mr. Bova made truthful representations on his life insurance application. Palmer's motion (Dkt. No. 21) is therefore denied.

ORDER ON MOTION FOR SUMMARY JUDGMENT AND OTHER PENDING MOTIONS - 2

With respect to Plaintiff's motion for summary judgment, American General relies upon medical and criminal records that were not submitted to the Court. "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Federal Express*, 766 F.3d 189, 194 (2nd Cir. 2014). Plaintiff's claims turn on whether the Court finds it has established through "clear, cogent, and convincing evidence" that Mr. Bova knowingly made misrepresentations on his application. *See Karpenski v. Am. Gen. Life Companies, LLC*, 999 F. Supp. 2d 1235, 1247 (W.D. Wash. 2014). The Court finds the summary of medical and criminal records discussed in Joan Kline's declaration and attached thereto is not sufficient to meet this heightened burden. *See* Dkt. No. 18-3. Pursuant to the Court's authority under Federal Rule of Civil Procedure 56(e), Plaintiff's motion is therefore denied without prejudice to refiling with the missing records provided. Plaintiff shall file any such renewed motion no later than June 14, 2024, and such motion shall be noted in accordance with the Local Rules.

Plaintiff's motion to extend the trial date is granted. The Court strikes the trial date and all pending case deadlines. A new case schedule will be issued should any claim survive Plaintiff's renewed motion for summary judgment, or in the event Plaintiff fails to file one by the deadline.

//

//

In summary, it is hereby ORDERED that:

Plaintiff's Motion at Dkt. No. 18 is DENIED WITHOUT PREJUDICE as set forth above.

Defendant's Motion at Dkt. No. 21 is DENIED.

Plaintiff's Motion at Dkt. No. 24 is GRANTED.

The clerk is directed to strike the trial date and pending pretrial deadlines.

Dated this 20th day of May, 2024.

Kymberly K. Evanson
United States District Judge